Irwin D. Davidson, J.
Defendant, for the third time, moves by writ of error coram nobis to vacate and set aside a judgment of conviction of murder in the first degree, with a recommendation that he be imprisoned for the term of his natural life, *352 • imposed on March 6,1953. The record shows that .the defendant appealed the judgment of conviction to the Appellate Division, First Department. That appeal was dismissed by order dated January 18, 1955 (285 App. Div. 807). The defendant likewise appealed to the Appellate Division from the orders denying his prior coram nobis applications. While the record fails to disclose a disposition by the appellate court of those appeals, no doubt due to the lapse of time since the appeals were filed, in all likelihood they have been dismissed for failure to proceed.
Defendant on this application claims that his codefendant, Thomas Green, on an alleged promise of leniency, changed his testimony, testified against defendant ánd thereafter was permitted to plead guilty to the crime of murder in the second degree.
Defendant claims that during a recess before the end of the case, Green told him the District Attorney was “ giving him ” a lower plea if Green would testify against the defendant. True it is that Green did testify, but the record shows that he gave his testimony freely and without any promise by the District Attorney. Green originally testified to what was obviously a false and lying .story in which he denied Ms participation in the crime. He also claimed he had been beaten by the police in order to confess to committing the crime. However, before the trial was concluded, Green retracted that false story, admitted its fabrication and detailed the circumstances of his participation in the crime. Concerning all of this testimony, Green was subjected to cross-examination by defendant’s attorneys. All of the evidence was heard by the jury and the credibility of Green’s testimony, including the diametrically opposed versions of his story, was exclusively within the jury’s province.
After both sides had rested and, out of the presence of the jury, Green pleaded guilty to the crime of murder in the second degree. In this State no defendant may plead guilty to the crime of murder in the first degree. The jury was instructed to deliberate only on the issues respecting the guilt or innocence of the defendant.
Under these circumstances, it is clear that the jury knew that Green had admitted Ms guilt, he having confessed it to them in open court, and they were told that they should deliberate only on the issue of the defendant’s guilt or innocence.
The instant case is not comparable to cases of the type of People v. Lowry (8 A D 2d 956); People v. La Ruffa (2 A D 2d 765) and People v. Schwarz (10 A D 2d 17). In those cases the appellate courts reversed the convictions because of prejudice resulting to a convicted defendant from a joint trial with a *353 codefendant, who had .been permitted to plead guilty, but who continued as a defendant to the end of the case to permit the introduction of evidence which would not otherwise be admissible. No such condition prevails in this case.
All of the circumstances whereby defendant’s codefendant pleaded guilty to murder in the second degree and the submission of defendant’s guilt to the jury are matters of record which could have been reviewed on appeal from the judgment of conviction.
Since the alleged errors are on the face of the record, the defendant may not now use the writ of error coram nobis as a vehicle for an additional appeal or a belated motion for a new trial (People v. Shapiro, 3 N Y 2d 203; People v. Sullivan, 3 N Y 2d 196).
Defendant’s motion is in all respects denied.
The District Attorney is directed to submit an order in conformity with this decision and serve a certified copy upon the defendant in the place where he is confined.